UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:16-CV-00093-GNS-HBB

ANNISA F. COVINGTON                                                    PLAINTIFF

v.

LORD CORPORATION                                                       DEFENDANT

## OPINION AND ORDER

This matter is before the Court on Defendant's Objections (DN 35) to the Magistrate Judge's Findings of Fact, Conclusions of Law, and Recommendation ("R&R") (DN 30). For the reasons stated below, Defendant's Objections are **OVERRULED**, and the Court **ADOPTS** the Magistrate Judge's Recommendation.

## I.    STATEMENT OF FACTS

Plaintiff Annisa F. Covington ("Covington") is a former employee of Defendant LORD Corporation ("LORD"). (Notice Removal Ex. 1, at 3, DN 1-1). The Complaint states that it is a "[c]omplaint for discrimination, under the laws of the EEOC." (Notice Removal Ex. 1, at 2). Coupled with her Amended Complaint (DN 7), it appears at a minimum that Covington has asserted allegations of racial discrimination.

After Covington filed this action *pro se* in Warren Circuit Court, LORD removed the matter to this Court. (Notice Removal, DN 1). During the course of litigation, the Magistrate Judge conducted a settlement conference between the parties on December 7, 2016. (R. & R. 2, DN 30). The parties left the settlement conference with an offer under consideration by Covington. (R. & R. 2). After Covington accepted the proposal, LORD sent her a release, to which Covington expressed some concerns about its terms. (R. & R. 2). On December 22, 2016, the Magistrate Judge conducted a telephonic conference to discuss the status of the settlement, and LORD offered to modify the

terms of the settlement for tax purposes. (R. & R. 2). After the case continued to remain on the active docket, the Magistrate Judge conducted a supplemental settlement conference during which Covington indicated that she had decided to pursue her claims in litigation and was rejecting the settlement proposal. (R. & R. 2).

LORD then moved to enforce the settlement between the parties. (Def.'s Mot. Enforce Settlement, DN 22). After the Court referred the motion to the Magistrate Judge, the Magistrate Judge recommended that the motion be denied. (R. & R. 5). LORD has objected to the R&R. (Def.'s Objs., DN 35).

## II. JURISDICTION

This Court has subject-matter jurisdiction of this matter based upon federal question jurisdiction. *See* 28 U.S.C. § 1331.

## III. STANDARD OF REVIEW

This matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636, which was enacted by Congress to relieve the burden of Article III courts by permitting assignment of certain duties to magistrate judges. *See Gomez v. United States*, 490 U.S. 858, 869-70 (1989). Section 636(b) identifies the powers that may be assigned to magistrates by the district court. Section 636(b) also establishes the applicable standard of review for objections to the ruling of a Magistrate Judge on such assigned matters. *See* 28 U.S.C. § 636(b). The Sixth Circuit has explained:

> [Section] 636(b) creates two different standards of review for district courts when a magistrate court's finding is challenged in district court. A district court shall apply a clearly erroneous or contrary to law standard of review for the nondispositive, preliminary measures of § 636(b)(1)(A). Conversely, dispositive motions accepted from § 636(b)(1)(A), such as motions for summary judgment or for the suppression of evidence, are governed by the de novo standard.

*United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001) (internal quotation marks omitted) (internal citations omitted) (citation omitted).

## IV.     DISCUSSION

As discussed above, Covington alleges a federal claim of racial discrimination relating to her employment, which would violate Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17. The Sixth Circuit has held that "[f]ederal common law controls the validity of a release of a federal cause of action." *Nicklin v. Henderson*, 352 F.3d 1077, 1080 (6th Cir. 2003) (citing *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1481 (6th Cir. 1989)). *See also Casey v. Ill. Cent. Gulf R. Co.*, 687 F. Supp. 1112, 1114 (W.D. Ky. 1988) ("[Q]uestions regarding the enforceability or validity of such agreements are determined by federal law—at least where the substantive rights and liabilities of the parties derive from federal law." (citing *Mid-South Towing Co. v. Har-Win, Inc.*, 733 F.2d 386, 389 (5th Cir. 1984))).

In its objections, LORD takes no issue with the facts stated in the R&R. (Def.'s Objs. 1). Instead, LORD argues that the Magistrate Judge erred in relying on *Flick v. Bank of America*, 197 F. Supp. 2d 1229 (D. Nev. 2002). (Def.'s Objs. 2-3). As outlined below, however, the Court concludes that the R&R is not clearly erroneous or contrary to law.

In *Flick*, the plaintiff alleged that her employer discriminated against her on various bases, including age. *See Flick*, 197 F. Supp. 2d at 1232. Like in the present case, the plaintiff and defendant engaged in settlement negotiations that led to a verbal settlement of her claims. *See id.* at 1230-31. The parties, however, were unable to agree on the terms of a written release, and defendant moved for the court to enforce their settlement agreement. *See id.* at 1230.

In denying the motion, the *Flick* court reasoned that the settlement agreement could not be enforced because it purported to release the plaintiff's age discrimination claim. *See id.* at 1232. As the court explained, "[t]he Older Workers Benefits Protection Act [("OWBPA")] provides certain

safeguards against older workers precipitously waiving their rights under federal age discrimination laws." *Id.* While that court indicated that the settlement agreement was otherwise binding, the inclusion of a release of claims under the OWBPA precluded its enforcement. *See id.* In refusing to enforce the agreement, the court reasoned:

> [W]hile Plaintiff did agree to a settlement of all her claims, this Court cannot enforce the agreement as to her age discrimination claim. Because it is clear that both parties intended to the settlement to be a total settlement of all claims, and no allocation of settlement proceeds was made among the various claims, the Court cannot enforce the settlement as to part of the claims and leave the age discrimination claims pending. . . . The obvious intent of the parties precludes the Court from enforcing only part of the settlement agreement.

*Id.* at 1233.

As the Magistrate Judge noted, the terms of the proposed release prepared by LORD included a waiver of any potential claim Covington would have under the OWBPA. (Settlement Agreement & General Release 2, 3, DN 29). Like the settlement agreement in *Flick*, the settlement agreement in the case *sub judice* does not allocate any portion of the settlement amount among the claims to be released as listed in the settlement agreement. Thus, while it is unclear whether Covington has asserted a cause of action under the OWBPA, the terms of the settlement agreement certainly contemplated that any such claim would be released. As a result, the settlement agreement will not be enforced.

## V.    CONCLUSION

**IT IS HEREBY ORDERED** that the Magistrate Judge's Findings of Fact, Conclusions of Law, and Recommendation (DN 30) is hereby **ACCEPTED** and **ADOPTED IN ITS ENTIRETY**, and Defendant's Motion to Enforce Settlement (DN 22) is **DENIED**.

**Greg N. Stivers, Judge**
**United States District Court**

May 26, 2017

cc:    counsel of record
       Annisa F. Covington, *pro se*